**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:

**NICE CAR, INC.,**

    Debtor.

**CASE NO. 17-15001-RBR**
**CHAPTER 11**

**DEBTOR-IN-POSSESSION'S APPLICATION FOR INTERIM AND FINAL**
**APPROVAL OF EMPLOYMENT OF ROBERT F. REYNOLDS AND SLATKIN &**
**REYNOLDS, P.A. AS COUNSEL FOR THE DEBTOR-IN-POSSESSION**
***NUNC PRO TUNC* TO APRIL 24, 2017**

The Debtor-in-Possession, Nice Car, Inc. (the "Debtor"), requests an order of this Court authorizing the employment of Robert F. Reynolds and the Law Firm of Slatkin & Reynolds, P.A. (collectively, "S&R"), on an interim basis *nunc pro tunc* to the date of the filing of the petition, to represent the Debtor in this case and to set a hearing on the retention of S&R on a final basis, and in support of this Application, Debtor states:

1.    On April 24, 2017, Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

2.    The Debtor desires to employ S&R as the Debtor's Chapter 11 counsel in this case.

3.    The Debtor believes that S&R is qualified to practice in the Bankruptcy Court and is qualified to advise the Debtor on its relations with, and responsibilities to, the creditors, the Office of the United States Trustee and other interested parties.

4.    The services to be rendered by S&R are those customarily associated with the representation of a debtor-in-possession, and as of the date hereof, the Debtor does not anticipate any particular services to be excluded from or in addition to those customarily performed by a debtor-in-possession's Chapter 11 bankruptcy counsel.

Case No. _____

5.      To the best of the S&R's knowledge, S&R does not have any connection with the creditors, or other parties in interest, or their respective attorneys, and S&R does not represent any interest adverse to the Debtor.

6.      Attached to this Application as an Exhibit is the affidavit of Robert F. Reynolds demonstrating that he and his Law Firm are disinterested as required by 11 U.S.C. 327(a).

7.      Rule 6003 of the Federal Rules of Bankruptcy Procedure states that the court shall not grant an application under Rule 2014, which includes applications for employment, for at least 21 days after the filing of the application, unless such is necessary to avoid irreparable harm.

8.      Because Debtor is a corporate entity, which must be represented by counsel in the courts of the State of Florida, approval of the employment of S&R, at least on an interim basis, is necessary at this time in order to avoid irreparable harm.

WHEREFORE, the Debtor respectfully requests an order authorizing retention of Robert F. Reynolds and the Law Firm of Slatkin & Reynolds, P.A. on a general retainer, pursuant to 11 U.S.C. 330 *nunc pro tunc* to the filing of the petition.

Dated this 2_ day of __April__, 2017.      **NICE CAR, INC.**

By: _____
      Steven Kerzer, President

Case No. _____

Dated this 24th day of April, 2017.

**SLATKIN & REYNOLDS, P.A.**
Attorneys for Debtor
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By: /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS
    Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished via the Court's CM/ECF electronic noticing system to Office of the US Trustee, USTPRegion21.MM.ECF@usdoj.gov and to all others entitled to service via the Court's CM/ECF System on this 24th day of April, 2017.

/s/ Robert F. Reynolds
ROBERT F. REYNOLDS

EXHIBIT

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
### www.flsb.uscourts.gov

In re:                                          **CASE NO. 17-15001-RBR**
                                                **CHAPTER 11**
**NICE CAR, INC.,**

    Debtor.

_____

**AFFIDAVIT OF ROBERT F. REYNOLDS IN SUPPORT OF DEBTOR-IN-POSSESSION'S APPLICATION FOR INTERIM AND FINAL APPROVAL OF EMPLOYMENT OF ROBERT F. REYNOLDS AND SLATKIN & REYNOLDS, P.A. AS COUNSEL FOR THE DEBTOR-IN-POSSESSION *NUNC PRO TUNC* TO APRIL 24, 2017**

Robert F. Reynolds, being duly sworn, says:

1.      I am an attorney admitted to practice in the State of Florida, the United States District Courts for the Southern, Middle and Northern Districts of Florida and qualified to practice in the U.S. Bankruptcy Courts for the Southern, Middle and Northern Districts of Florida.

2.      I am employed as a partner by the law firm of Slatkin & Reynolds, P.A. ("S&R") with offices located at One East Broward Boulevard, Suite 609, Fort Lauderdale, FL 33301.  I am familiar with the matters set forth herein and make this affidavit in support of the Debtor's Application for Approval of Employment of Robert F. Reynolds, and Slatkin & Reynolds, P.A. as Counsel for the Debtor.

3.      In order to determine whether nor not S&R qualified to act as counsel for the Debtor, I have reviewed the Debtor's list of creditors that the Debtor provided to me, as well as discussed with other members of my firm whether or not there were any conflicts with regard to our representation of the Debtor.  Based on this review and the information currently available,

neither I, nor the firm, hold or represent any interest adverse to the estate, and we are disinterested persons as required by 11 U.S.C. § 327(a).

4.     Except as set forth herein, neither I, nor the firm, nor any attorneys in the firm have any connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

5.     Prior to the filing of this case, S&R represented the Debtor in various actions before this Court where the Debtor was a creditor.   Specifically, several of the Debtor's customers filed either Chapter 7 or 13 petitions and S&R served as counsel to the Debtor.  In one other case, this Debtor was sued for allegedly violating the automatic stay and S&R successfully defended the action.  Most of those cases are long over.  There may be one or two cases where the Debtor continues to receive payments through a Chapter 13 plan but S&R is not currently involved.

6.     None of the above affect S&R's ability to represent the Debtor in this case.  The Debtor did not owe S&R any money on the Petition Date as a result of these former representations and did not pay S&R anything on any prior representations in the 90 days prior to the petition date.

7.     Additionally, from a review of the list of creditors, it does not appear that S&R, or the attorneys employed at S&R, have ever represented any of the creditors herein.  However, it is impossible to be able to determine this with one hundred percent certainty.  Undersigned counsel previously worked at a firm that has been in existence for over 30 years and undersigned counsel's partner likewise worked with his father at a firm for several years.  It is possible that these firms represented creditors in this case, but if they did it was not during the time that either the undersigned or his partner worked at the firms, and to the extent that such previous

Case No. _____

representation is imputed to S&R, to the best of S&R's knowledge the previous representation does not conflict with S&R's current representation of the Debtor.  Creditors in this case may have been creditors in other bankruptcy cases where S&R or its attorneys appeared.

      6.    The undersigned is married to one of the court reporters whose court reporting firm contracts with the Bankruptcy Court. With the adoption of electronic recording of court hearings, if S&R orders a transcript from a court proceeding, S&R advises the court reporting firm that undersigned counsel's wife cannot work on the transcription of the hearing.

      7.    The undersigned's stepson has previously participated in youth sports with the son of one of the staff attorneys at the Office of the United States Trustee. Additionally, the undersigned has occasionally socialized with attorneys at the Office of the United States Trustee.

      8.    The attorneys at S&R have previously been employed with firms that appear in the Bankruptcy Court and may appear in this case.  Additionally, S&R has represented trustees, accountants, attorneys and other professionals who may appear in this case. S&R has also represented parties that were adverse to attorneys who may appear in this case.  Depending on which professionals appear, if any, the undersigned may have occasionally socialized with said professionals.

      9.    Both attorneys at S&R charge $350.00 an hour for their services.  S&R charges $125.00 an hour for paralegal services. There is no agreement to share compensation with anyone other than any internal agreements at S&R.

      FURTHER AFFIANT SAYETH NAUGHT.

_____
Robert F. Reynolds

Sworn to and Subscribed before me on _this 24th day of April 2017_

_____
Notary Public, State of Florida at large

My Commission Expires:

INGRID P. MALCOLM
MY COMMISSION # GG 033315
EXPIRES: October 20, 2020
Bonded Thru Notary Public Underwriters